## THE STANDARD OIL COMPANY, RESPONDENT, *v.* THE AMAZON INSURANCE COMPANY, APPELLANT.

*Policy of insurance — when avoided by falsity of statement.*

One James Lord, in behalf of the plaintiff, applied to an agent of defendant for a policy of insurance, and stated at the time that the Triumpn Insurane Company had accepted a risk on the same property at a certain rate ; a policy was issued by defendant at that rate. Joseph Lord was the agent of the plaintiff to attend to its insurance, and James was in his employ. At the time of the application the Triumph Insurance Company had in fact refused to accept the risk, which fact was known to Joseph Lord, but not to James.

In an action upon the policy, the falsity of this statement was insisted upon as avoiding the policy. The judge charged that if James Lord made the statement absolutely as a fact, the policy was void ; but if he stated it merely as a matter of opinion, the policy was valid. *Held,* that this was correct. (DYKMAN, J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

On the 23d of July, 1872, the defendant insured the plaintiff on its oil, etc., at Hunter's Point, in the sum of $10,000, for one year, from the 20th July, 1872. A loss to the amount insured occurred on the 30th of July, 1872, between ten and eleven o'clock in the morning. Notice was given, and proof of loss duly made. The principal defense insisted upon was, that the defendant issued the policy in suit upon a false representation, made by James Lord who was in the employ of Joseph Lord, plaintiff's agent, to the defendant, that the Triumph Insurance Company had approved a like risk, at the same rate of five per cent. and that the representation was relied upon as true, and induced the making of the policy. It appeared that an application for insurance had been made to the Triumph Insurance Company and had been rejected. The fact of its rejection was known to Joseph Lord but not to James.

*Henry L. Burnett,* for the appellant.

*Joshua M. Van Cott* and *James K. Hill,* for the respondent.

GILBERT, J.:

The jury, no doubt, were of opinion that the representation made by James Lord was an expression of opinion only, and not a positive statement of fact. The judge's charge on that point was clear and explicit. The jury were plainly told that the case depended on the question, whether James Lord, the plaintiff's agent, stated absolutely as a fact to Peck, the defendant's agent, that the policy of the Triumph Company had been approved by that company. The defendant acquiesced in that instruction.

I agree with the defendant's counsel, that if the statement made by Lord was a positive one, the defendant was entitled to the verdict. Notice to the agent is notice to the principal; and whether the notice be actual or constructive, the same kind of notice will be attributed to the principal, whether actually communicated or not. Such a case would be one where a principal had sent his agent to cheat. But I do not agree with him, that because Lord merely expressed an honest opinion that the Triumph policy had been approved, when, in point of fact, it had not, and the plaintiffs knew that it had not, the latter are liable on the ground of fraud. For, in such a transaction, in the absence of evidence that the plaintiff permitted the representation to be made for a fraudulent purpose, the intent to deceive, which is an essential ingredient of fraud, is lacking. In other words, fraud cannot arise out of such a representation by an agent, when neither the agent nor the principal had any intent to deceive; and when the statement consists of an expression of opinion merely, an inference of fraudulent intent is not warranted without other evidence thereof. If the statement which Lord made had been made directly by the plaintiffs, under circumstances showing the absence of any intent to deceive, fraud could not have been legally imputed to them. There being no fraud in such a transaction between an agent of the plaintiffs and the defendant, the plaintiffs may, of course, claim the benefits of it without incurring any liability.

Such being my views of the law, it only remains to consider whether the statement made by Lord was a positive one or not. Upon that subject, I think the testimony of Mr. Peck alone, is

sufficient to warrant a verdict that it was not. He testified that Mr. Lord "said the policy had been submitted, as there had been abundance of time for submission of the policy; and that the policy had not been canceled; and, therefore, the Triumph Company had approved the policy." That may be bad reasoning; but, if honestly uttered, it furnishes no sufficient basis for an imputation of fraud. Fraud could hardly be predicated of the previous statement which Peck's subordinate (Fox) testified that Lord made to him; for the statement to Peck himself, being the last one, may well be treated as having superseded that made to Fox. But, if otherwise, Lord's testimony was in conflict with that of Fox, and it was the exclusive province of the jury to decide which of them was most worthy of belief.

The judgment and order denying a new trial should be affirmed.

DYKMAN, J., (dissenting):

This action has been twice tried. On the first trial a verdict was directed for the plaintiff by the court. The judgment entered on that verdict was reversed by the court, and a new trial granted by reason of certain false representations which induced the acceptance of the risk at five per cent. The representations were these: At the time of the application for the insurance, the agent of the plaintiff exhibited to the agent of the defendant a policy of insurance upon the same property which had been issued by the Triumph Insurance Company. The Triumph and the Amazon were under the same management, and insured at the same rates. Upon being asked if the Triumph policy had been approved by the company, the plaintiffs' agent stated that it had. Thereupon the agent of the Amazon accepted the risk and issued the policy in suit.

Joseph Lord was the agent of the plaintiff to place its insurance, and James Lord was his brother and in his employ, and he applied for the policy in suit and made the representations just mentioned.

The Triumph policy, so exhibited, had been rejected by the company, and Joseph Lord knew that fact. The law, therefore, imputed knowledge of it to James. When the case was here

before, these facts were not disputed, and we held that the misrepresentations were sufficient to render the policy void from the first, and that the plaintiff could not recover. Now a new trial has been had, and the facts developed are the same in substance as at the first trial, except that on the last trial James Lord testified, that when he presented the Triumph policy, and was asked if it had been approved by the company, he said he believed it had. When cross-examined, he said, I think I used the word believe; I may be mistaken in that.

The fact that he made a positive representation, that the Triumph policy had been approved by the company, was testified to by the agent of the defendant and his clerk, and on the first trial he did not undertake to make any contradiction of this statement, which was the same on both trials, but merely stated that he could not undertake to say what his language was.

Now, this is the point upon which the case turns, and the jury was so instructed. If James Lord made the representation as it is claimed he did, then, as there can be no question of its materiality, and of its falsity, and that it was believed by the agent and relied on by him, it follows that it rendered void the policy, and the plaintiff cannot recover in the action.

We have the right to examine the whole case upon the facts as well as the law, and if we reach a different conclusion from that of the jury, to reverse the judgment entered upon the verdict. (*Macy* v. *Wheeler*, 30 N. Y., 231.)

If this verdict stands, it must be upon the altered testimony of James Lord. In reply to the question whether the Triumph policy had been approved by the company, he said he believed it had ; and then on cross-examination, he said he thought he used the word believe, but might be mistaken about it. This is very unsatisfactory, in itself considered. On the first trial he makes no statement, and after a new trial is granted by reason of his misrepresentation, he can only say he does not think his misrepresentation was positive, but only an expression of his belief, and in relation to that he may be mistaken.

A jury must need much credulity to found a verdict on this alone ; but when there is opposed to this statement not only the strong probabilities arising from all the facts which cluster around

the transaction, but the positive testimony of two witnesses, whose testimony has been in no way weakened, but has been consistent on both trials, and is consistent with the other facts, we think it so far overwhelmed as to be entirely unreliable.

Courts entertain great respect for the findings of juries rendered upon questions of fact, where there is a conflict of testimony, and at all times interfere with their verdicts with great reluctance; but when, as in this case, a verdict is found upon testimony which is entirely unsatisfactory, and against testimony which commends itself to the judgment, and is strong, positive and consistent, they must be scrutinized carefully in the interest of truth and justice. It is not enough that the court would have reached a different result from that arrived at by the jury, but it must be plain that the verdict is against the evidence.

Now, in this case, that the verdict is against the evidence. There is nothing to sustain it but the testimony of James Lord, and that is not sufficient. It is at war with the probabilities of the case, and with the testimony of two witnesses.

Among other things, the trial judge charged the jury as follows: "On the other hand, if you find that he (James Lord) did not make a statement which was false, that it was a mere matter of opinion, and that it was not material and was not relied upon, and that it did not induce them to enter into this contract, then you must find for the plaintiff for the sum of $13,744.42." It must now be assumed that the jury found these facts.

The judge further charged as follows: "If you shall find, as claimed by the defense, that Mr. Lord made a statement which was in fact false, that it was material to the negotiation, that it was believed by Mr. Peck, and relied on by him, and that it induced him to enter into the contract, then you must find a verdict for the defendant."

Every one of the propositions here enumerated stood proven at the close of the case, and the jury was bound by the evidence to find a verdict for the defendant, in accordance with this portion of the charge. There was no contradiction of any of these propositions except the first, and upon that one the contradictory testimony, as we have seen, was not entitled to much respect.

The verdict ought not to stand, and a new trial should be granted, with costs to abide the event.

Present — BARNARD. P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial affirmed with costs.